HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EILEEN DEUTSCH,

    Plaintiff-in-Interpleader,

    v.

ANDREW L. SCHOELKOPF, MICHELLE STORRS BOOZ, JOHN STORRS BOOZ, VALERIE CARBERRY, AND THE RICHARD GRAY GALLERY,

    Defendants- in-Interpleader.

CASE NO. 3:16-CV-05561-RBL

ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff Deutsch's Interpleader Action. [Dkt.# 16]. Deutsch is currently in possession of a valuable sculpture and seeks equitable relief to determine ownership of the artwork. Defendants seek dismissal claiming an Interpleader Action is improper because the complaint fails to name two or more adverse claimants and this Court does not otherwise have jurisdiction.

**BACKGROUND**

Deutsch seeks to interplead a sculpture—*Industrial Forms* (aka *Auto Tower*)—by well known American artist John Storrs. She received the sculpture from the estate of her father who

previously owned an art gallery in New York City. [Dkt. # 1 ¶11]. The ownership history of sculpture, while somewhat circuitous, is relevant to the motion.

In the late 1970's, John Storrs' estate (represented by his daughter, Monique Storrs Booz) consigned *Industrial Forms* to the Robert Schoelkopf Gallery in New York City. The Schoelkopf Gallery maintained a long-term business relationship with the Storrs estate through this period, selling several of the artist's works. [Dkt. #19 ¶4; Dkt. #18 ¶ 9].

In the summer of 1977, the Schoelkopf Gallery sent a letter to Monique Storrs Booz informing her that *Industrial Forms* had been stolen. Schoelkpf enclosed payment for $2,250, the amount she would have received had the sculpture been sold (list price minus gallery commission). [Dkt. #19 ¶ 10, Ex. 2 at 5]. Records submitted to the Smithsonian Archives of American Art for preservation by the Schoelkopf Gallery show *Industrial Forms* labeled as "stolen." [Dkt. #19 Ex. 1]. In 1991, Robert Schoelkopf passed away, the Schoelkopf Gallery closed, and Andrew Schoelkopf—Robert's son—assumed control of the Gallery's outstanding art interests.

Deutsch's father owned the Sid Deutsch Gallery in New York City. He passed away in 2006. Deutsch inherited the sculpture from her father's estate and returned to Washington with it. Several years later, Deutsch contacted Valerie Carberry in an attempt to value and sell the sculpture. Carberry is a partner at the Richard Gray Gallery in Chicago that manages art for the Storrs estate. Carberry notified Michelle Storrs Booz, the last remaining heir of the Storrs estate, of Deutsch's sale inquiry. The pair concluded the sculpture went missing from the Schoelkopf Gallery and that Andrew Schoelkopf was the true owner by virtue of Robert's 1977 payment to Monique Storrs Booz.

In October 2015, Carberry wrote a letter to Deutsch on behalf of the Storrs Estate explaining that the sculpture had been previously been stolen and the Storrs Bozz family wished to restore it to the proper owners. [Dkt. #1, Ex. B] Andrew sent Deutsch a letter confirming that Storrs Booz and Carberry agreed that he owns *Industrial Forms*, and to make arrangements for its retrieval.  Deutsch then brought this interpleader against the named defendants to resolve what she claims are competing interests. Deutsch claims she is the rightful owner of *Industrial Forms* because there is not conclusive proof that it was stolen.

## DISCUSSION
### a. Standard of Review

Interpleader is a procedure authorized by 28 U.S.C. §§ 1335 and Federal Rule of Civil Procedure 22 that allows a party holding property to join in a single suit two or more defendant-claimants asserting mutually exclusive claims to the property. *Gains v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976).  The main purpose of interpleader is to protect the stakeholder from the expenses of multiple lawsuits and from having to contend with inconsistent or multiple determinations of liability. *Texas v. Florida*, 306 U.S. 398, 406-07, 59 S. Ct. 563, 83 L. Ed. 817 (1939). While rule and statutory interpleader have different requirements for subject matter jurisdiction, venue, process service, invoking either type requires meeting certain criteria. Fed. R. Civ. P. 22(a)(1); 28 USC § 1335; *See also*, *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir. 1978); 4-22 Moore's Federal Practice-Civil § 22.04.

First, multiple adverse claims or potential adverse claims must be made to that same property. *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir. 1978). Additionally, the plaintiff stakeholder must have a reasonable fear of multiple liability. The stakeholder is not required to determine the validity of the competing claims or wait to be

actually sued by one or more of the claimants. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532-33, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967). However, the stakeholder must have "a good faith belief that there are or may be colorable competing claims to the stake," based on "a real and reasonable belief." *Michelman v. Lincoln Nat. life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

An interpleader action proceeds in two stages. In the first stage, a court evaluates whether interpleader is proper based on the facts of the case, including determining whether the stakeholder actually faces or could face multiple adverse claims. *See*, *U.S. v. High Technology Products*, *Inc.*, 497 F.3d 637, 642 (6th Cir. 2007) (*citing* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed.2001)). If interpleader is not properly invoked, the action is dismissed. If (and only if) an interpleader is determined to be proper does a court move to the second stage to determine the merits of the adverse claims. *Id*.

During the first phase, the party seeking interpleader bears the burden of demonstrating she is or may be subject to adverse claims. *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974). Adverse claims or potentially adverse claims exist when at least two defendants lay claim to the property held by the stakeholder. *See*, *General Electric Credit Corp. v. Grubbs*, 447 F.2d 286, 289 (5th Cir. 1971), rev'd on other grounds, 405 U.S. 699, 31 L. Ed. 2d 612, 92 S. Ct. 1344 (1972) (holding a plaintiff who failed to demonstrate he has been or may be subject to two or more competing claims has failed to meet interpleader requirements). Sustaining an interpleader based on potential claims requires a "real and reasonable belief" that the interpleaded parties could have a colorable claim to the stake. *Michelman v. Lincoln Nat. life Ins. Co.*, 685 F.3d at 893.

**b. Deutsch has not shown sufficient adverse claims to invoke interpleader.**

Deutsch's interpleader action necessarily depends on her claim that all of the named defendants possess adverse claims to the sculpture. But only Andrew Schoelkopf claims any interest in *Industrial Forms*—the other defendants all agree that Andrew is the only legitimate claimant, and each affirmatively renounces any claim. This leaves Andrew as the only *actual* claimant to the sculpture. Deutsch cannot maintain her interpleader action based on current adverse claims.

Without presently adverse claims to the sculpture, the next issue is whether Deutsch can establish potentially adverse claimants. The potential claimants with a reasonable claim to the sculpture have submitted declarations to this Court. Michelle Storrs Booz, the Schoelkopf family, and Valerie Carberry reflect the parties known to have a potentially colorable claim to the sculpture that could be potentially adverse to Deutsch. Following John Storrs Booz's 2005 death, his sister, Michelle Storrs Booz is the sole John Storrs heir with any remaining interest in the sculpture according to her declaration. [Dkt. #18 ¶ 5; Dkt. # 28, Ex. A-B]. She renounced any claim to the sculpture on behalf of her father's estate. Andrew, Jane, and Robert J. Schoelkopf—the Robert Schoelkopf's heirs—all agree that Andrew is the only family member with a claim to the sculpture. Jane and Robert J. explicitly renounce any claim to the sculpture. [Dkts. # 26, 27]. Additionally, Valerie Carberry, the Chicago-based art dealer from the Richard Gray Gallery, makes no claim to the sculpture. [Dkt. #17 ¶¶ 1,3].

Michelle Storrs Booz is the sole remaining heir of Storr's artwork. She has renounced any interest in the sculpture, and that precludes any potential future claim from the Storr's family. Similarly, Jane and Robert J.'s disavowal precludes any potential future claim from the

Schoelkopfs. Carberry and the Gray Gallery renounce any future claim to the statute. Therefore, Deutsch cannot sustain the interpleader action based on potential adverse claimants.

In an effort to save her interpleader claim in the face of overwhelming evidence that there is only one actual or potential claimant, Deutsch next argues interpleader is proper based on alleged adversity at the time she filed this complaint. [Dk. # 21 at 10]. Once interpleader jurisdiction has been ***properly established*** it will continue even if the original claimants are no longer adverse. *See, e.g., New York Life Ins. Co. v. Connecticut Development Authority,* 700 F.2d 91, 95 (2d Cir. 1983) (recognizing the authority of an interpleader court to determine the rights of one claimant to insurance proceeds even though the other claimants, who had initially informed the insurer of conflicting claims, had defaulted in the interpleader action). As emphasized above, jurisdiction must first be properly established before it will continue in absence of adverse parties. Here, no adverse claims are present at the outset, therefore there is no jurisdiction. Deutsch filed her initial complaint on June 24, 2016. [Dkt. # 1]. On May 17, 2016, Andrew Schoelkopf notified her in writing that the Storrs estate agreed he was the legitimate owner of the sculpture. [Dkt. # 19, Ex. 2]. At the outset of this action defendants all submitted declarations attesting to the lack of adversity before the court ruled on the existence of interpleader jurisdiction. Therefore, Deutsch cannot maintain her interpleader claim based on perceived adversity at the outset of her claim.

   c. **No long-arm jurisdiction exists over defendants.**

Deutsch claims that even if interpleader is improper this Court can still exert long-arm jurisdiction over the defendants. She argues the presence of the *Industrial Forms* in Washington and defendants' email, letters, and phone calls related to the sculpture amount to sufficient minimum contacts to subject them to long-arm jurisdiction. In particular, she points to Andrew

Schoelkopf's letter offering to retrieve *Industrial Forms* in Washington.  Defendants argue that because unilateral activity brought the sculpture to Washington the presence of the property cannot confer long-arm jurisdiction.  They further argue that communication with an individual in Washington is insufficient to establish minimum contacts required for long-arm jurisdiction.

Due process requires certain minimum contacts between a defendant and the forum state before a court can assert jurisdiction. The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).  The unilateral activity of someone who claims a relationship with a non-resident cannot establish minimum contact with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958).  Additionally, phone, email, and mail communications with an individual in a state are insufficient to establish minimum contacts with the forum state. *See*, *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980).

*Industrial Forms* was brought to Washington unilaterally without knowledge of defendants. Therefore, the presence of the sculpture in the state does not confer jurisdiction. Similarly, the remote communication between Deutsch and the defendants is insufficient to establish jurisdiction. Therefore, long-arm jurisdiction does not exist over the defendants.

**d.  *In rem* and *quasi-in-rem* jurisdiction do not exist over defendants.**

Deutsch requests leave to amend her complaint to allege *in rem* or *quasi-in-rem* jurisdiction over the sculpture and join the named defendants as necessary parties under Fed. R. Civ. P 19. Defendants counter that they do not meet the minimal contact requirements as noted above required for this Court to exert either jurisdiction.  They also argue the other named

defendants could not be necessary parties because Andrew is the only claimant to the sculpture. *In rem* jurisdiction has traditionally been used in admiralty, forfeiture, probate, and land title actions. 1-2 Jurisdiction in Civil Actions § 2.06 (2015). *Quasi-in-rem* jurisdiction is used for similar actions when the claimants are known. *Id*. In a modern context, the two have the same constitutional prerequisites.

Courts apply the same minimum contacts test to *in rem* jurisdiction as is applied to personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 207, 97 S. Ct. 2569, 2581, 53 L. Ed. 2d 683, 699, (1977). The presence of property in a state can indicate a defendant obtained minimal contacts with a state as he "expected to benefit from the State's protection of his interest," but is not dispositive. *Id*. at 208.

This Court does not have *in rem* or *quasi-in-rem* jurisdiction over the defendants. Deuutsch brought *Industrial Forms* into Washington without defendants' knowledge. From the perspective of the defendants, the sculpture disappeared in New York and reappeared in Washington about thirty years later. Defendant's knowledge of its reappearance and requests to have it returned to Andrew do not satisfy the required minimal contacts test required to exercise *in rem* or *quasi-in-rem* jurisdiction. Defendants did not bring the sculpture into the State, nor did they in anyway expect to benefit from the protection or laws of Washington. Therefore, Deutsch's request to amend her complaint to assert *in rem* or *quasi-in-rem* jurisdiction is **DENIED**.

### e.  Defendants are not entitled to costs under RCW 4.25.185

Defendants ask for an award of attorney's fees under Washington's long arm statute. RCW 4.25.185(5). [Dkt. #16 at 22]. Deutsch argues that fees are not warranted because she had a good faith basis for the overlapping federal interpleader claim. [Dkt. # 21 at 20]. Washington

allows a defendant personally served under the long arm statute to receive reasonable attorney's fees. A defendant who is hailed into court under Washington's long arm statute and prevails is entitled to an award of attorney's fees. *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 112, 786 P.2d 265 (1990). However, in this instant case defendants were haled into court under a good faith interpleader claim and the long-arm claim was merely an overlapping means of jurisdiction. Therefore, defendants are not entitled to fees.

Therefore, defendants' motion is **GRANTED** and plaintiff's complaint and request for deposit is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated this 14th day of December, 2016.

                                                                     _____
                                                                     Ronald B. Leighton
                                                                     United States District Judge